[No. 1648, December 23, 1913.]

# IN THE MATTER OF THE APPLICATION OF JOE CICA AND SAVA MARIJANOVIC FOR A WRIT OF HABEAS CORPUS.

## SYLLABUS (BY THE COURT)

1.    The writ of habeas corpus is not a writ of error, nor does it, except when perverted, discharge the functions of a writ of error.

P. 456.

2.    Error or irreglarities in the course of the proceedings at or anterior to the trial, which, if presented to an appellate court by way of appeal or writ of error, must necessarily result in the reversal of the judgment, are not sufficient, for

Habeas Corpus, 18 N. M. 452.

that reason, as grounds for the release of a prisoner upon application for a writ of habeas corpus.

P. 456

3. As to jurisdictional questions, a judgment under which the prisoner is held is aided by the same presumptions as in other cases of collateral assault. If the record is silent as to jurisdictional facts, jurisdiction is presumed.

P. 457

4. A sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and the offense, and only void as to the excess, when such excess is separable and may be dealt with without disturbing the valid portion of the sentence.

P. 460

Habeas Corpus.

A. C. VOORHEES, ELMER E. STUDLEY, Raton, N. M., for petitioners.

Courts will not take judicial notice of the ordinances of cities; they should be pleaded and proven as special laws. 28 Cyc. 393, 394, 395, note 41; Garlanad, et al., v. City of Denver, 19 Pac. 460; Williams v. Augusta, 4 Ga. 509; Davenport v. Bird, 34 Iowa, 524; Cooper v. People, 41 Mich. 403; C. L. 1897, sec. 2407.

Justice courts under the laws of this state are courts of limited jurisdiction and their records must show affirmatively their power to act. 24 Cyc. 497; C. L. 1897, sec. 2408.

Record does not disclose the arraignment of the petitioners. Arraignment and plea will not be presumed from recitals in the record that the defendant appeared, and that a jury was selected, empanelled and sworn. 12 Cyc. 889; Crain v. U. S. 162, U. S. 625; State v. Wood, 71 S. W. 724; Ex Parte Walton, 101 Pac. 1034.

The Court, sitting in habeas corpus proceedings, acts

upon the body of the defendant, and inquires into the single question, whether he is legally in custody.    State v. Gray, 37 N. J. L. 368, 1 Am. Crim. R. 556.

The judgment would be void and illegal if rendered by a court of general jurisdiction, and, therefore, it must be void when rendered by a Justice of the Peace.    15 A. & E. Enc. L. (2d ed.) 172; People v. Riseley, 38 Hun. (N. Y.) 280, 4 N. Y. Crim. 109; People v. Carter, 48 Hun. 165; In re Fury, 19 N. J. L. 14; Foy v. Taiburt, 9 Fed. Cas. No. 5020, 5 Cranch, C. C. 124.

Our statute was taken from the State of Missouri, and the interpretation by the courts of that State, prior to our adoption are binding upon our courts.    Armijo v. Armijo, 4 N. M. 133; Bremen Min. Co. v. Bremen, 13 N. M. 126, 79 Pac. 1133.

In habeas corpus proceedings the court will examine the record solely for the purpose of ascertaining the fact of the jurisdiction of the court, whose judgment is being questioned in the said proceeding, and will be limited in such examination to what the record discloses.    C. L. 1897, sec. 2781, 2797, sub-secs. 1 and 6; Ex Parte Page, 49 Mo. 291; In re Craig, 32 S. W. 1122.

The court must not only have jurisdiction over the person and the subject matter, but authority to render the particular judgment.    Ex Parte Cox, 32 Pac. 197; Ex Parte Gudenoge, 100 Pac. 39; People v. Liscomb, 60 N. Y. 559.

The judgment of the Justice of the Peace was an entirety.    Ex Parte Kelly, 65 Cal. 154; Ex Parte Sylvester, 81 Cal. 199; Ex Parte Yarborough, 110 U. S. 651; In re Graham, 138 U. S. 461, 34 L. Ed. 1051; State v. Gray, 37 N. J. 368; Freeman on Judgments, vol. 2 (4th ed.), sec. 625.

Unless the court rendering the judgment had jurisdiction to render the particular judgment, it is a nullity. Black on Judgments, sec. 258; 21 Cyc. 296, and citations; Ex Parte Gudenage, 100 Pac. 39; Ex Parte Webb, 51 Pac. 1027; In re Graham, 138 U. S. 461; In re Stewart, 16 Neb. 193; Brown, Jurisdiction of Courts, sec. 101;

Church, Habeas Corpus, sec. 368; Ex Parte Page, 49 Mo. 291; In re Craig, 32 S. W. 1122; Ex Parte Cox, 32 Pac. 197; Com. Davis v. Licky, 26 Am. Dec. 40; People, Stokes, v. Riseley, 38 Hun. 280; A. & E. Enc. L. (2d ed.) vol. 7, p. 37; Geyger v. Stoy, 1 Dallas 135.

ORIE L. PHILLIPS, Assistant District Attorney, Raton, N. M., for State.

### STATEMENT OF FACTS.

This was a petition for a writ of habeas corpus. The petitioners allege that:

On the 18th day of November, 1913, a complaint was filed before J. M. Gauna, a Justice of the Peace in precinct No. 20, of Colfax County, attempting to charge an offense against the petitioners under a city ordinance of the city of Raton, said ordinance being designated as Ordinance No. 133 in said complaint, but charged to have been Ordinance No. 135 in the return and answer of the Sheriff to the writ of habeas corpus. On the day the complaint was filed, the petitioners were sentenced to sixty days in the common jail of Colfax County and to pay a fine of twenty-five dollars, and to pay costs amounting to seven dollars and fifty cents each, and a commitment was issued accordingly. The petitioners were, in accordance with the mandate of the so-called commitment, taken into custody by Abe Hixenbaugh, Sheriff of Colfax County, and by him imprisoned in the county jail on the 18th day of November, 1913, and there they remain.

The Sheriff, by way of response to the writ, filed his return thereto. Thereupon the petitioners moved to quash the return and discharge the prisoners upon the petition and return of the officer. The return, which was designated "return and answer," admitted all the material allegations of the petition, except the averments with respect to the ordinance upon which the prosecution was based in the Justice Court.

### OPINION OF THE COURT.

HANNA, J.—The petitioners contend that the judgment rendered by the Justice of the Peace, upon which the commitment is based, was void for the following reasons:— First, because there was no arraignment of the defendants; second, because the judgment sentencing each of the defendants to sixty days in the county jail and to pay a fine of twenty-five dollars and costs was excessive, and beyond the power of the court to impose.

In considering the first ground of objection to the judgment it is necessary to admit the well-settled principle that: the writ of habeas corpus is not a writ of error, nor does it, except when perverted, discharge the functions of a writ of error. 2 Freeman on Judgments, sec. 620; Hurd Habeas Corpus (2d ed.), 328.

Pursuant to this principle it has been quite universally held that errors or irregularities in the course of the proceedings at or anterior to the trial, which, if presented to an appellate court by way of appeal or writ of error, must necessarily result in the reversal of the judgment, are not sufficient, for that reason, as grounds for the release of a prisoner upon application for a writ of habeas corpus. Freeman on Judgments (4th ed.) sec. 620; Ex Parte Siebold, 100 U. S. 371.

The particular phase of the question here raised, i. e., that there was no arraignment of the defendants, does not seem to have been passed upon by any court of last resort, save that of the Supreme Court of Indiana, which Court held, in the case of Winslow v. Green, 155 Ind. 368, 58 N. E. 259, that: Where one had been tried and convicted in the superior court, he will not be released by habeas corpus because he was not arraigned and did not plead in such court, since, as such errors do not go to the jurisdiction of the court, its judgment is not subject to collateral attack. In that case, as in the case now under consideration, it was not denied that the court had jurisdiction both of the subject matter and the person of the defendant.

Our Territorial Supreme Court, in the case of In re

Peraltareavis, 8 N. M. 27, 41 Pac. 538, following Ex Parte Seibold, 100 U. S. 371, said:—

"That the only ground on which that Court, (United States Supreme Court) or any court, without special statute authority, will give relief on habeas corpus, is where there is want of jurisdiction over the person or the cause or some other matter rendering the proceedings void, as distinguished from what is merely erroneous and reversible."

Our habeas corpus statute was adopted prior to the rendition of the opinion on the Peraltareavis case, and was doubtless carefully considered by the Court at that time. We do not concede that the failure of the record, in this case, to show affirmatively an arraignment of the defendants is a jurisdictional defect that would render void the judgment in the case, and subject it to collateral attack.

It has been held that as to jurisdictional questions, a judgment under which the prisoner is held is aided by the same presumptions as in other cases of collateral assault. If the record is silent as to jurisdictional facts, jurisdiction is presumed. Freeman on Judgments, sec. 619; Ex Parte Ah Men, 77 Cal. 198.

In concluding our discussion upon this subject, we desire to say that it is not contended by the petitioners that no arraignment was had, but their contention is entirely based upon the failure of the record to disclose the fact of arraignment.

The further contention of petitioners respecting defects in the complaint and impropriety of holding that the prosecution was had under Ordinance No. 135, of the City of Raton, when the complaint was originally made under Ordinance No. 133, are likewise collateral attacks upon the judgment of the justice court which cannot now be entertained in this proceeding for the reason given.

This leaves for our consideration the question that the judgment sentencing each of the defendants to sixty days in the county jail and to pay a fine of twenty-five dollars and costs was excessive, and beyond the power of the

court to impose. The ordinance upon which the judgment was based provides:

"Sec. 3. Any person violating any provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined in a sum of not exceeding twenty-five dollars, or by imprisonment in the county jail for a period not exceeding sixty days."

It is urged by the petitioners that our statute is substantially the same as the statutes of Idaho and Missouri, and that our statute was adopted from the Missouri statute after it had been construed by the Supreme Court of that State, in the case Ex Parte Page, 49 Mo. 291. We are not convinced of the correctness of this contention, though there is great similarity between the statutes.

The facts involved in the Missouri case, however, are not the same as those with which we are now concerned. This case being similar to that of Ex Parte Mooney, 26 W. Va. 36, 53 Am. Rep. 59, from the opinion in which we desire to quote at length with approval:

"It is insisted, however, that as the Court had no legal right under the statute to sentence the petitioner both to confinement in the penitentiary and to pay a fine, it exceeded its jurisdiction, and thereby the whole proceeding became illegal and void. In support of this view the cases of Ex Parte Page, 49 Mo. 291; Rex v. Ellis, 5 Barn. & Cress. 395, and Rex v. Bonne, 7 Ad. & Ellis, 58, are relied on by counsel for petitioner. The two latter cases were decided upon writs of error by the Court of King's bench, and by reason of the peculiar constitution of that court, the determination of such cases by it have no analogy to the proceeding by habeas corpus in our courts. I do not, therefore, regard those cases as authority in this case. The other case, from Missouri, was in some respects different from the one before us. In that case the extreme limit which the court could inflict as a punishment for grand larceny was fixed by statute at seven years' confinement in the penitentiary; but the court sentenced the prisoner to such confinement for that crime for ten years. The court on habeas corpus held that the trial court by that

sentence had exceeded its jurisdiction and therefore, under the provisions of the statute of that State, the petitioner was discharged. The statute referred to declared that when a prisoner is brought up on habeas corpus, if it appear that he is in custody by virtue of process from any court or judicial officer, he can be discharged only in one of the following cases, 'First, where the jurisdiction of such court or officer has been exceeded, either as to matter, place, sum or person. * * * * Sixth, where the process is not authorized by any judgment, order or decree, nor by any provision of law.' Wagn. Stat. 690, sec. 35.

"The judge who delivered the opinion of the court after quoting said statute, says: 'It seems to me that the court in passing the sentence exceeded its jurisdiction in the matter and that it did not act by authority of any provision of law. This application, therefore, I think comes within the meaning of the statute.' 49 Mo. 292.

"It seems clear from the opinion that the court decided that case under the influence of the statute, and consequently it can be no precedent and can have no application in a State like ours, where no such statute exists.

"But if the case could be regarded as decided upon principle it must be disapproved, since it is not only contrary to the general rules hereinbefore stated, but it is in positive conflict with numerous other and seemingly better considered decisions of courts of other States. In re Petty, 22 Kans. 277; Ex Parte Parks, 93 U. S. 18; People v. Jacobs, 66 N. Y. 9; People v. Liscomb, 60 N. Y. 559; s. c. 19 Am. Rep. 211; People v. Baker, 89 N. Y. 460."

As pointed out in this opinion (Ex Parte Mooney) the sentence under consideration by the Missouri case was not severable, while in the Mooney case, fine and imprisonment having been imposed and one or the other being in excess of the statutory provision, it was held that the sentence was void as to the excess only, the sentence being severable.

In the Idaho case, Ex Parte Cox, 32 Pac. 197, a judgment imposed a sentence of five years for violation of an Idaho statute, when the statute in question authorized a

maximum penalty of two years. This case is similar to the Missouri case of Ex Parte Page, which was cited by the Idaho Supreme Court with approval.

In a later case, Ex Parte Crenshaw, 80 Mo. 447, where the court exceeded the limit of punishment in imposing a fine of $500, the Supreme Court held:

"Notwithstanding these errors in the proceeding of the court, we cannot discharge the prisoner, since the order for his commitment, until he shall have obeyed the order to restore the goods, was a legitimate exercise of the power of the court. Neither this nor any other court can, on a petition for habeas corpus, discharge the prisoner for a mere irregularity in the proceedings. It must be for an illegality which renders the commitment void. Hurd on Habeas Corpus, 327. Here the court had jurisdiction, and the imprisonment of the petitioner until he should comply with the order of the court, was warranted by law. After he shall have restored the goods the prisoner will be entitled to his discharge, the other requirements of the judgment being nullities. Feely's Case, 12 Cush. 598; People v. Markham, 7 Cal. 208."

The great weight of authority is that where a court has jurisdiction of the person and the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion in excess open to question and attack. In re Taylor, 45 L. R. A. 136. See also authorities collected in note.

Counsel for petitioners contends that this rule is not applicable to the present case because the judgment is not separable. In this he is mistaken, as the judgment here is separable. The principle is better stated, in its entirety, in the following language: A sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and the offense, and only void as to the excess, when such excess is separable and may be dealt with without disturbing the valid portion of the sentence. United States v. Pridgeon, 153 U. S.

48; State v. Klock, 18 So. 957, 48 La. Ann. 67; Ex Parte Mooney, 26 W. Va. 36, 53 Am. Rep. 59.

It is our conclusion that the sentence in this case is separable and that had petitioners paid the fine or suffered the imprisonment they would be entitled to the writ, but having done neither, they are not entitled to release. In Ex Parte Lange, 18 Wall 163 (21 L. Ed. 872) it was held that:

"The error of the court in imposing the two punishments mentioned in the statutes when it had only the alternative of one of them, did not make the judgment wholly void."

In that case the petitioner before applying for a writ of habeas corpus had paid the fine imposed. He was discharged.

For the reasons given, the writ is denied.