(No. 2929.    Feb. 8, 1924.)

## Ex parte SELIG.

### SYLLABUS BY THE COURT.

1. Section 5075, Code 1915, construed, and held to be the duty of the district court, in suspending sentence in a criminal case, to state in its order of suspension the terms and conditions upon which such clemency is granted.

2. The power of a district court to vacate and revoke such an order of suspension exists only when some one or more of such terms or conditions have been breached.

3. The failure to so specify the grounds upon which the suspension is granted is not jurisdictional, but merely an erroneous exercise of a vested jurisdiction, and a defendant cannot take advantage thereof, unless he calls the attention of the trial court thereto and complains thereof at the time such error is committed.

4. In the absence of special statutory authority, the only ground upon which relief will be granted on habeas corpus is want of jurisdiction over the person or the cause by which he was deprived of his liberty, or some other matter rendering such proceeding void as distinguished from matters merely erroneous or revesible.

Habeas corpus by Louis Selig for release from custody.    Writ discharged.

George E. Remley, of Raton, for petitioner.
Fred C. Stringfellow, Dist. Atty., of Raton, for respondent sheriff.

OPINION OF THE COURT.

BRATTON, J.  On March 22, 1919, the petitioner entered a plea of guilty to an information therteofore filed in the district court of Colfax county, charging him with the unlawful sale of intoxicating liquor, and was thereupon sentenced to paying a fine of $500 with costs of court and to serve a term of four months in the county jail of that county.  In the judgment, the jail sentence was suspended in the following language: "Said jail sentence to be suspended pending further order of the court."  In default of payment of such fine, he was placed in said jail, and, with the exception of four days, he was there confined from March 22, 1919, to May 1, 1919.  On the latter date the fine was reduced from $500 to $250, which reduced sum he paid and was released.

On January 21, 1924, the assistant district attorney of the Eighth judicial district filed a petition seeking the vacation of the order of suspension, in which he set forth that on September 22, 1923, and while at liberty under such suspended sentence, the petitioner had unlawfully possessed intoxicating liquor.  A citation was issued and a hearing had, at which evidence was submitted, pursuant to which an order was made on January 22, 1924, vacating the order of suspension and placing the original jail sentence in full force and effect, with the result that petitioner was placed in jail and is now confined there by respondent sheriff of Colfax county.  This proceeding was immediately instituted in habeas corpus to secure petitioner's liberty.

[1]   1. The sentence was suspended by the court under the authority so to do granted by section 1, c. 32, Laws 1909, now section 5075, Code 1915, which provides:

"Every person who shall be convicted of a felony or other crime punishable by imprisonment in the penitentiary, if judgment be not suspended or a new trial granted, shall be sentenced to the penitentiary.  The court in imposing such sentence shall fix the maximum and minimum duration of the same.  The term of imprisonment of any person so

convicted shall not exceed the maximum nor be less than the minimum term fixed by the court. The release of such person shall be determined as hereinafter provided:  Provided, that the court may, in its discretion, suspend any sentence imposed upon such terms and conditions as it shall deem proper, and such sentence shall go into effect upon order of the court upon a breach of any of such terms or conditions by the person convicted."

No question with respect to the inherent power of courts to suspend sentences is involved, as the petitioner concedes the court acted under the statute quoted; but he asserts that such statute requires the court to set forth in such an order of suspension the terms and conditions upon which the sentence is suspended and that, the order in question not having done so, the court could not thereafter set it aside.   The subject of suspending sentences in criminal cases has been before this court several times.   Ex parte Lujan, 18 N. M. 310, 137 Pac. 587; Ex parte Bates, 20 N. M. 542, 151 Pac. 698, L. R. A. 1916A, 1285; and Ex parte Hamm, 24 N. M. 33, 172 Pac. 190, L. R. A. 1918D, 694.   But this exact question was not involved in any of these cases.   As was said in Ex parte Hamm, supra, this statute grants to the several district courts of the state very broad and comprehensive powers with regard to suspending sentences.   It leaves it entirely with such courts to determine for themselves the terms and conditions upon which a sentence in each case may be suspended; but a careful consideration of the language used by the Legislature leads to but one interpretation, namely, that it does require the court to set forth in such an order the terms and conditions upon which the sentence is suspended, because, by the last clause used in the statute, it is expressly provided that such a sentence shall go into effect upon a breach of any of such terms or conditions.   Thus it seems quite clear to us that it is only upon the breach of some one or more of the terms and conditions prescribed by the court that the suspension may be vacated.   In this case no terms or conditions were prescribed, and it cannot therefore be said that the petitioner violated any one

or more of them. The clause empowering the court to suspend a sentence expressly provides that it may be done upon such terms and conditions as may be deemed proper, and this is immediately followed by the last provision that such suspension shall go into effect by an order of the court to that effect upon a breach of any of "such terms or conditions." These two clauses in the statute are dependent ones. They are not independent of each other. This is especially emphasized by the language used in the last clause expressly providing that the suspension may be vacated and the original sentence becomes effective upon the breach of any of "such terms or conditions." The terms or conditions thus referred to clearly relate and refer to the terms and conditions contained in the order of suspension, and, if no such terms or conditions exist, they certainly could not be breached, and no power is vested in the court to place the original sentence in effect except upon such a breach. It therefore seems quite clear to be the duty of the court in suspending a sentence to specifically set forth and specify in its order the terms and conditions upon which the suspension rests. The statute does not undertake to prescribe what such terms shall be; it is without limitation in this respect, and indeed the district courts possess unlimited discretion in determining for themselves what they shall be. It is, however, mandatory that some terms or conditions be made and they must be stated in the order. This statute is a reformatory measure, and in its administration the court should outline and make known to the defendant the new standards of conduct to which he is required to measure up in the process of reformation and the only way in which a court of record can speak concerning a matter of this kind, as well as in all other matters, is through its records.

The respondent contends for a contrary holding, and relies therefor largely upon some statements to be found in Ex parte Hamm, supra. A careful reading of that case shows that this question was not there in-

volved. The question there decided was that good behavior as a condition or term upon which a sentence is suspended means conduct conforming to law. Regardless of that, upon a careful, thorough, and mature consideration of the terms of the statute in question, we are led to the firm conclusion that the power there vested to suspend sentences is limited and re-stricted to the extent of requiring the terms of such suspension to be set forth in the order and that the power to vacate or revoke such suspension exists only upon a breach or violation of some one or more of such terms or conditions.

[**2**]  2. The petitioner, however, cannot avail himself of the provisions of the statute in question because he did not except to the order of suspension which failed to conform to the statutory requirements, but instead left such conditions resting in the mind of the court. He did not, in any manner, complain of this error and did not direct the attention of the trial court thereto, for which reasons he cannot now present the question in a habeas corpus proceeding instituted after such order of suspension has been revoked and he has been taken into custody to serve the original sentence imposed upon him. The failure to follow the language of the statute and to conform to its requirements by setting forth the terms and conditions upon which the sentence was suspended is not jurisdictional. It was, at most, an erroneous administration of a vested jurisdiction. Not being jurisdictional, a defendant cannot stand idly by and see such an error committed without, in any manner, calling it to the attention of the court and afterwards, when such suspension has been vacated, raise the question for the first time. If he desires to avail himself of the benefit of the statute by having the court specify and make known to him, in record form instead of reposing the same in the mind of the court, the terms and conditions upon which he was granted clemency, he must call the matter to the attention of the court at the time such suspension is granted him, and his failure to do so precludes him

from afterwards taking advantage of such an error on the part of the court.

[**3, 4**] 3. The further contention is made by the petitioner that the evidence submitted upon the hearing had before the district court on January 22, 1924, was inadmissible and failed to show any crime or offense committed by him. This testimony concerns the manner in which certain officials of Colfax county went into the home of the petitioner and, without a search warrant, searched his premises and there found some intoxicating liquor. Obviously, this question cannot be considered by us in a habeas corpus proceeding. To do so would permit the petitioner to collaterally attack the proceedings by which he was confined to jail. Without special statutory authority, the only ground upon which relief may be granted on habeas corpus is want of jurisdiction over the person of the petitioner or the cause by which he was deprived of his liberty or some other matter rendering the proceedings void as distinguished from what is merely erroneous or reversible. The mere commission of some act which would necessarily result in a reversal of the cause is altogether insufficient as a ground upon which to liberate a prisoner upon a writ of habeas corpus. In re Peraltareavis, 8 N. M. 27, 41 Pac. 538; In re Cica et al., 18 N. M. 452, 137 Pac. 598, 51 L. R. A. (N. S.) 373; Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717. Considering the testimony complained of to be entirely inadmissible and to say after its admission it affirmatively shows no violation of any existing law, such questions can be presented only upon appeal and not by habeas corpus.

Other questions have been presented by the petitioner. We have examined all of them and find no merit in them. The writ of habeas corpus will therefore be discharged, and petitioner remanded to the custody of the sheriff of Colfax county to be dealt with according to law, and it is so ordered.

PARKER, C. J. AND BOTTS, J., concur.