In the Matter of the Petition
of
FRANK GIBBONS
In vacation after January Term, 1924
No. 37
District Court of the Virgin Islands
Christiansted Sub-Judicial District
Saint Croix
April 1, 1924

McKEAN, *Judge*

■ ■ The Code (1921) in force in this Municipality is largely based upon the Compiled Laws of the Territory of Alaska, of 1913, compiled, codified, arranged and anno-

tated under authority of Congress. Said Code was enacted by the Colonial Council of St. Croix, by virtue of section 2 of the Act of Congress of March 3, 1917 (ch. 171, 39 Stat. 1132; 48 U.S.C. § 1392; prec. 1 V.I.C.), which Act is in substance, though not in form, the local Constitution of the Virgin Islands of the United States.

(3) Title V, chapter 1, section 9, of said Code (1921; 5 V.I.C. § 3501 note) provides:

"In a criminal action the defendant is entitled:

"(1). To a speedy trial.

"(2). To be allowed to procure counsel, or to appear and defend with counsel.

"(3). To procure witnesses on his behalf.

"(4). To be confronted with the witnesses against him in the presence of the court in open court."

Title IV, chapter 13, section 6, of the Code (1921; 1 V.I.C. § 4) says: The common law of England as adopted and understood in the United States shall be in force in this District, except as modified by this ordinance."

What are the facts in the instant case? It appears from the transcript of the Police Court of Christiansted that "Frank Gibbons, the man concerning whom a statement had just been made in court, to the effect that he was living with . . . " (a woman therein named) . . . "in open concubinage and prostitution . . . was called forward by the court and asked if it was true," etc. Upon Gibbons' admission of the charge the Police Judge sentenced him to imprisonment for thirty days at hard labor. This action of the Police Court was in plain violation of the provision of the Code that "No person can be compelled in a criminal action, to be a witness against himself;" (Code [1921] Tit. V, c. 1, s. 8 [5 V.I.C. § 3501 note]), as well as of "the common law of England as adopted and understood in the United States," to say nothing of the other Code provisions already quoted.

■ The judgment being void, Gibbons brought habeas corpus proceedings, which is a proper remedy. Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Ex parte Parks, 93 U.S. 18, 23 L. Ed. 787; Sennott's Case, 146 Mass. 489; Ex parte Smith, 135 Mo. 223, 33 L.R.A. 606; Ex parte Roberts, 9 Nev. 44, 16 Am. Rep. 1; Ex parte Cica, 18 N.M. 452, 51 L.R.A. (n.s.) 373; Ex parte McKnight, 48 Ohio St. 588, 14 L.R.A. 128; Ex parte Justus, 3 Okla. Crim. 111, 25 L.R.A. (n.s.) 483; In re Williamson, 26 Pa. St. 9, 67 Am. Dec. 374; Lacey v. Palmer, 93 Va. 159, 31 L.R.A. 822; In re Staff, 63 Wis. 285, 53 Am. Rep. 285; Miskimmons v. Shaver, 8 Wyo. 392, 49 L.R.A. 831.

After hearing, the relator was discharged from custody.