[No. 3494.   July 17, 1930.]

[Rehearing Denied Aug. 15, 1930.]

STATE v. CANTWELL.

[290 Pac. 744.]

A. W. Marshall, of Deming, and White & Patton, of Silver City, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

SIMMS, J.

Upon his plea of guilty to practicing medicine without a license, appellant was sentenced to pay a fine of $100 and be confined in the county jail for 90 days, "sentence suspended until further order of the court." Some time later, the district attorney gave the court to be informed that the defendant was again practicing in violation of law, and a hearing was had, at which counsel represented appellant, and testimony was heard. The trial court revoked the suspension and put the sentence into immediate effect, from which order this appeal is taken.

It is at least doubtful whether there ever was a lawful suspension of sentence in the first place. In Ex parte Selig, 29 N. M. 430, 223 P. 97, we held that the statute requires the conditions of the suspension to be set out in the order, and that such requirement is mandatory. Be that as it may, the appellant did nothing to call the matter to the court's attention, but, instead, accepted and enjoyed the suspension during the time it was in effect. And when the district attorney undertook by petition to have it revoked and, in doing so, set out what he claimed were the exact terms and conditions of the suspension, the appellant accepted the issue thus made and litigated the question of the breach of these conditions. It only remains to inquire whether there was substantial evidence upon which the trial court ordered revocation. We think that the testimony was more than sufficient to authorize the court to find that appellant had again practiced medicine without a license.

It follows that the judgment of the lower court should be affirmed, and it is so ordered.

BICKLEY, C. J., and CATRON, J., concur.

PARKER and WATSON, JJ., did not participate.