8 P.(2d) 788

JORDAN v. SWOPE, Superintendent of State Penitentiary.

No. 3759.

Supreme Court of New Mexico.
March 9, 1932.

Harry S. Bowman, of Santa Fé, for petitioner.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for respondent.

WATSON, J.,

By this proceeding in habeas corpus petitioner seeks his discharge from the custody of the superintendent of the penitentiary, contending that he is held under void commitments.

In the district court of Bernalillo county petitioner pleaded guilty September 24, 1929, to several informations charging him with as many separate offenses of uttering fraudulent checks, for which the statutory penalty is a fine of not more than $5,000 or imprisonment for not more than 5 years, or both.

1929 Comp. § 35-1910. Sentence was postponed.

On October 7th following, a corresponding number of additional informations was filed, reciting these convictions, alleging two former convictions of felonies, and invoking the provisions of the Habitual Criminal Act (1929 Comp. § 35-4201 et seq.). To these informations petitioner pleaded guilty, and, upon each, was thereupon sentenced to be imprisoned in the penitentiary for not less than 6 nor more than 8 years, such sentences to run concurrently. The several commitments under which petitioner has since been held are based upon these judgments.

The several crimes of uttering fraudulent checks were committed on May 25, 1929. The Habitual Criminal Act, Laws 1929, c. 58, did not take effect until ninety days after the adjournment of the Legislature, March 9, 1929. For this reason the Attorney General admits that the judgments, in so far as based upon the Habitual Criminal Law, and as in excess of what they might otherwise have been, are void. He also admits that the failure of petitioner to claim his constitutional right at the time of sentence is no waiver of it.

The Attorney General contends that for the crime of which there was a legal conviction, upon plea of guilty, the statute will support a sentence of 5 years; that to such extent the present sentence and commitment are legal; and that petitioner is not entitled to be discharged until he shall have served such term.

Undoubtedly such a sentence might legally have been pronounced. It is plain, however, that it was not. A different sentence was imposed for a different crime.

In Ex parte Cica, 18 N. M. 452, 137 P. 598, 51 L. R. A. (N. S.) 373, the petitioner was sentenced to fine and imprisonment under a statute authorizing fine or imprisonment. We held that only a part of the sentence was illegal, and that, not having paid the fine, petitioner could not avoid the imprisonment through habeas corpus. The distinction between that case and this is obvious.

The Attorney General contends that Ex parte Cica, supra, commits us to the majority rule that a sentence exceeding the statutory limit is void only as to the excess. We need not question this, since as we view the matter, the line of cases similar to In re Taylor, 7 S. D. 382, 64 N. W. 253, 45 L. R. A. 136, 58 Am. St. Rep. 843, is as readily distinguishable.

The principle of the Cica Case is that, if a sentence is severable, as between the legal and the void, the latter does not necessarily vitiate the former. This is but the application of common sense to the problem. Thus, while doing justice to the individual, we protect the interests of society as well. This principle is the same in the ordinary case of an excessive sentence. If, for a given crime, a 6-year sentence has been imposed, a 5-year sentence is necessarily included in it; and justice to the individual does not require, and fairness to the public does not permit, remis-

sion of the legal merely because of an ineffectual and wholly void excess.

██ But this principle can operate only in fairness to the individual. It depends upon severability. The present sentence cannot be severed. To constitute a legal sentence there must be both statutory authority and the act of the judge. In the present case we may draw a line at five years, and say that to that extent the sentence is supported by the statute. But we cannot say that it is supported by the act of the judge. He imposed a sentence of from 6 to 8 years for the crime of uttering fraudulent checks committed by an habitual criminal. He imposed no sentence whatever for the simple crime of uttering fraudulent checks. We cannot speculate as to what the court would have done if aware of the inapplicability of the habitual criminal statute. We cannot, ourselves, fix a penalty and impose sentence. Hence, we are left with an inseverable judgment, void in toto, because beyond the court's power.

██ Another contention of the Attorney General, however, we find to be sound. While the petitioner's present detention is thus illegal, it does not follow that he must be unconditionally discharged. By his own showing he is guilty, and has been legally convicted, of felonies for which no legal judgment has been rendered. Justice to the state requires that the illegal judgment be replaced by a valid one. Justice to the petitioner requires no more. It would be a weakness in the law and an undue yielding to individual right to hold that a convicted person may stand by without objection while a void judgment is rendered, and then escape all consequences of his guilt by attacking collaterally the legality of his restraint. Had he excepted to the sentence and appealed, his only relief would have been a reversal and a remand of the cause for new sentence. State v. Archer (Foster), 32 N. M. 319, 255 P. 396. It would be illogical to grant him more as the result of a collateral attack.

As proof that he was not inviting or acquiescing in the court's mistake as a means of escaping all punishment, and as a reason why the imposition of new sentence would now be unjust, petitioner points out that he had already suffered imprisonment of many months before applying for this writ. If petitioner should be brought before the district court again, that will be proper matter to urge in mitigation, and that court, possessing a wide discretion, will give it such weight as it may be entitled to.

Numerous cases may be cited according to the doctrine of which the petitioner would needs be absolutely discharged. But the modern trend, influenced by the considerations mentioned and by others, is that, where the conviction has been legal and the illegality of the restraint consists solely in the invalidity of the sentence, the petitioner need not be absolutely or unconditionally discharged. See, generally, "Annotation. Illegal or erroneous sentence as ground for habeas corpus," 76 A. L. R. 468.

In one way or another, the courts taking what we deem the modern and better view

of the matter, have refused to become the instruments of a failure of justice. Sometimes the discharge has been granted without prejudice to proceedings by the state for a new sentence; sometimes it has been delayed to afford opportunity to the state to claim custody of the petitioner for such proceedings; sometimes there has been a direct remand of the accused to the proper court or its officers. In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; Mahler v. Eby, 264 U. S. 32, 44 S. Ct. 283, 68 L. Ed. 549; Bryant v. United States (C. C. A.) 214 F. 51; United States ex rel. Whitaker v. Mathues (C. C. A.) 9 F.(2d) 913; Lee Lim v. Davis, 75 Utah, 245, 284 P. 323, 76 A. L. R. 460; Commonwealth ex rel. v. Ashe, 293 Pa. 18, 141 A. 723; In re Charles Harris, 68 Vt. 243, 35 A. 55; In re Lewis, 51 Mont. 539, 154 P. 713; Ex parte Howard, 72 Kan. 273, 83 P. 1032; Ex parte Simmons, 73 Fla. 998, 75 So. 542; State ex rel. v. Reed, 138 Minn. 465, 163 N. W. 984; People ex rel. Devoe v. Kelly, 97 N. Y. 212; In re Williamson, 116 Wash. 560, 200 P. 329; Ex parte Barr, 79 W. Va. 681, 91 S. E. 655; Ex parte Burden, 92 Miss. 14, 45 So. 1, 131 Am. St. Rep. 511; Herrington v. State, 87 Ala. 1, 5 So. 831.

Some of these cases involved statutes differing somewhat from ours, but we think not essentially. In our opinion, statutes directing the courts "to dispose of the party as law and justice require" do no more than express the spirit and broad purpose of our own act. 1929 Comp. §§ 63-119, 63-120.

Petitioner urges that there has been a loss of jurisdiction by the trial court, precluding any further proceedings upon the conviction, and leaving no alternative but an absolute discharge. No doubt the time has passed within which courts retain power to modify, alter, or change their judgments. But we propose no modification. In accordance with petitioner's own contention, and at his instance, we have found what so far has passed for a judgment, to be a nullity. It is a general principle that a void judgment may be ignored whenever and wherever encountered, and that the inherent power of the courts to vacate such a judgment was not at common law limited to the term, and is not now limited by the several statutes. Oliver v. Enriquez, 17 N. M. 206, 124 P. 798; Kerr v. Southwest Fluorite Co., 35 N. M. 232, 294 P. 324. For the same reason that this void judgment has yielded to collateral attack, it has not served to terminate the court's jurisdiction. In legal contemplation, petitioner has never been sentenced upon his conviction for uttering fraudulent checks. He is in the same situation as if, having escaped from custody after verdict and before sentence, he were but now reapprehended. This view was taken in Ex parte Howard, supra.

It thus appears that, after conviction of uttering fraudulent checks, petitioner was in the legal custody of, and under lawful restraint by, the sheriff of Bernalillo county. That situation was interrupted by certain void proceedings resulting in the present illegal custody and restraint. The rights of

the petitioner require termination of, and discharge from, the present detention. The rights of the state demand restoration of the earlier detention.

The petitioner should be remanded to the custody of the sheriff of Bernalillo county, to be by him held to await the further action of the district court. It is so ordered.

BICKLEY, C. J., and PARKER, SADLER, and HUDSPETH, JJ., concur.