This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NARENDRA CHAND,**

Defendant-Appellant,

**vs.**                                                    **NO. 31,770**

**STATE OF NEW MEXICO, and**
**ERASMO BRAVO, WARDEN,**

Plaintiff-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Samuel L. Winder, District Judge**

Narendra Chand
Rio Rancho, NM

Pro se Appellant

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals the district court's denial of his motion for relief from judicial bias and his motion for release of 911 tapes. We issued a second notice of proposed summary disposition proposing to affirm. Defendant has responded with a timely memorandum in opposition. We affirm.

In our notice of proposed disposition we noted that it was unclear under what procedural mechanism Defendant attempted to bring his motion for production of the 911 tapes, but that the motion appeared to argue that the 911 tapes were evidence of his innocence. We proposed to affirm on the rationale that a motion for new trial based on newly discovered evidence must be made within two years of entry of final judgment, and Defendant's motion was filed more than seven years after final judgment. *See* Rule 5-614(C) NMRA. We also proposed to hold that Defendant's motion was improper as a motion brought under Rule 1-060(B)(2) NMRA seeking relief from judgment on the basis of newly discovered evidence, which much be brought not more than one year after the judgment. *See* Rule 1-060(B)(6) NMRA.

With respect to Defendant's motion for relief from judicial bias, we proposed to hold that, although Defendant stated in his motion and on appeal that the motion was raised pursuant to Rule 1-060(B)(4) NMRA (governing relief from a void judgment), the motion was actually directed at the district court's April 28, 2011, order denying his Rule 5-802 NMRA petition for habeas relief and for an evidentiary

hearing. We noted that this Court does not have jurisdiction to review a district court's denial of a Rule 5-802 petition. *See* Rule 12-501(B) NMRA (stating that appeals from the district court's denial of a petition for writ of habeas corpus should be filed in the Supreme Court); *see also Martinez v. State*, 110 N.M. 357, 358, 796 P.2d 250, 251 (Ct. App. 1990) (stating that the Court of Appeals does not have jurisdiction to review the district court's denial of a Rule 5-802 petition).

In his memorandum in opposition, Defendant does not oppose our proposed disposition on the merits. We therefore affirm for the reasons stated in the notice. Defendant asks that we construe his motions as habeas petitions and transfer this case to the Supreme Court. We decline to do so. Neither of Defendant's motions was raised as a habeas petition in conformity with Rule 5-802. We therefore cannot construe the motions as habeas petitions. As we stated in our second notice of proposed summary disposition, Defendant's challenges to the judgment must be pursued under Rule 5-802 (governing habeas relief).

For these reasons, we affirm the district court.

**IT IS SO ORDERED**.

_____

**TIMOTHY L. GARCIA, Judge**

3

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**