**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-029**

**Filing Date: February 9, 2011**

**Docket No. 29,014**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**STEVEN PADILLA,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela-Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Linda Yen, Assistant Public Defender
Albuquerque, NM

for Appellant

## OPINION

**CASTILLO, Judge.**

**{1}** Defendant filed an on record appeal to the district court challenging a judgment and sentence entered by the Bernalillo County Metropolitan Court (the metro court). After review, the district court entered an order remanding the case to metro court with instructions to resentence Defendant in accordance with the district court's memorandum opinion. Defendant appeals from this order.

1

**{2}** The primary issue in this case is whether Defendant continued to serve his sentence while on furlough. Other issues relate to the calculation of good time credit and the metro court's failure to impose mandatory community service and fines at Defendant's initial sentencing. We hold that the time on furlough is to be credited as time served. We further conclude that good time was properly calculated by the Metropolitan Detention Center (the detention center). Thus, Defendant did complete his sentence while on furlough and any resentencing is unlawful. For the reasons set forth below, we reverse the order of the district court and remand this case to the metro court for further proceedings consistent with this opinion.

## I.    BACKGROUND

**{3}** Defendant pled guilty to second offense driving under the influence of intoxicating liquor or drugs (DUI) in violation of NMSA 1978, Section 66-8-102(F) (2005) (amended 2010). On June 16, 2006, the metro court sentenced him to 364 day's incarceration in the Detention center. Defendant was given a credit of forty-three days for presentence confinement and began serving his sentence on June 20, 2006.

**{4}** Roughly one month after Defendant began serving his sentence, the metro court filed an order allowing Defendant to be furloughed from the Detention center. That order states:

> It is hereby ordered that [D]efendant . . . be released on a furlough July 18, 2006[,] by 10:00 a.m. Defendant . . . is to enter and complete the in-patient program at Hoy Recovery, Inc. Defendant is to have no further violations of law, no alcohol, no drugs, [and] no driving. Defendant is to return to custody October 20, 2006[,] by 5:00 p.m. Failure to return will result in a charge of escape.

**{5}** While on furlough, Defendant filed a motion asking the metro court to extend the furlough based on the fact that Defendant had successfully completed the program at Hoy Recovery, Inc. and had enrolled at Northern New Mexico Community College. Defendant requested an extension to complete the current semester which was to end on December 18, 2006. The metro court granted the motion and entered an order extending the furlough as requested.

**{6}** On December 18, 2006, Defendant attempted to turn himself in at the detention center consistent with the metro court's order, but he was refused readmission. During a subsequent hearing in metro court, a representative from the detention center explained that Defendant had fully served his sentence as of November 28, 2006—almost a month before he appeared for readmission—because he had been given credit for both the time he was on furlough and for good time.

**{7}** Four days after Defendant was denied readmission to the detention center, the metro

2

court issued a bench warrant for Defendant's arrest based on Defendant's failure to comply with the metro court's orders. The metro court later entered an "affidavit for arrest warrant" indicating that Defendant had escaped from the detention center in violation of NMSA 1978, Section 30-22-8 (1963). According to the affidavit, a district court felony case number had also been generated and assigned to Defendant's case.

**{8}** On January 30, 2007, Defendant was incarcerated at the detention center based on the metro court's bench warrant and for purportedly violating the terms of his commitment. There was a short hearing on January 31, 2007, at which the court stated it would reschedule the hearing. No hearing on any issue was held until mid-March. On February 19, 2007, Defendant filed a motion for discharge arguing that he had already completed his sentence. On February 20, 2007, the metro court, without a hearing, filed a judgment and sentence (the 2007 judgment and sentence) ordering Defendant to complete his sentence of incarceration by serving 271 days, the portion of the original 364-day sentence which, according to the metro court, had not yet been served.

**{9}** Defendant moved to correct his sentence arguing that he was entitled to receive "credit" for the furlough time and that the metro court had unlawfully increased his previously imposed sentence and had acted without "jailable jurisdiction" in doing so. A hearing on that motion was held on March 16, 2007, during which the metro court explained that it did not intend Defendant to receive credit for the furlough time and that, in any event, it was not possible to credit Defendant for that time because Defendant had been released from and was not in the custody of the detention center during the furlough.

**{10}** Defendant filed a habeas corpus petition on March 20, 2007, which he converted ten days later to a notice of appeal. He challenged the 2007 judgment and sentence as well as the metro court's denial of Defendant's motion to reconsider that sentence. Defendant's sentence was stayed pending final disposition of his appeal.

**{11}** In its memorandum opinion, the district court described the issue on appeal as whether Defendant should have received credit toward his sentence for the furlough time during which he went to a treatment program and attended community college. The district court concluded, citing *State v. Fellhauer*, 1997-NMCA-064, 123 N.M. 476, 943 P.2d 123, that Defendant was ineligible for credit toward his sentence for the furlough time because during the furlough Defendant was not in actual or constructive custody of law enforcement and there were no restrictions placed on Defendant's freedom. The district court further concluded that the metro court erroneously failed to impose the mandatory fine and community service provisions in Section 66-8-102(F). Finally, the district court determined that it was the metro court's duty, not the detention center's duty, to ascertain whether Defendant "got good time credit for the furlough." The district court remanded Defendant's case to metro court with instructions to resentence Defendant, impose the community service and monetary fine provisions, and determine the amount of good time Defendant should have been credited. This appeal followed.

3

## II.    DISCUSSION

**{12}**    Defendant presents us with three issues, all of which relate to sentencing. Our review is de novo. *See State v. Frost*, 2003-NMCA-002, ¶ 6, 133 N.M. 45, 60 P.3d 492 (stating that whether a sentence violates the applicable sentencing statutes is a question of statutory interpretation which this court reviews de novo).

### A.    Furlough Time

**{13}**    We first address the treatment of Defendant's time on furlough. The district court, relying on *Fellhauer*, concluded that Defendant was not entitled to "credit" for the furlough because he was not in official confinement during that time. According to the district court, he was neither in actual nor constructive custody of the State during the furlough. In *Fellhauer*, we discussed the applicability of the presentence confinement credit statute. 1997-NMCA-064, ¶¶ 4-17. That statute "mandates that credit be given for time spent in 'official confinement' prior to sentenc[ing]." *Id.* ¶ 4. In the present case, Defendant had already been sentenced and committed, so we are not dealing with presentence confinement. Moreover, our case law holds that the concept of "credit," as used in *Fellhauer*, is inapplicable in the post-sentencing context. *See State v. Clah*, 1997-NMCA-091, ¶ 17, 124 N.M. 6, 946 P.2d 210 (concluding that a defendant could not be given "credit" for post-sentencing treatment because credit is normally used only to refer to reductions for presentence confinement and for time spent on probation when a sentence is imposed after the conditions of probation are violated). Accordingly, we consider any reliance on *Fellhauer* to be misplaced.

**{14}**    Since 1963, the Legislature has recognized that a defendant may be in the custody of the state but outside the walls of a prison. *See State v. Woods*, 2010-NMCA-017, ¶ 12, 148 N.M. 89, 230 P.3d 836. The concept of constructive custody reflects this recognition and refers to situations where an inmate is temporarily outside a penal institution but is expected to return to the place of confinement. *See State v. Guillen*, 2001-NMCA-079, ¶ 8, 130 N.M. 803, 32 P.3d 812 ("We understand constructive custody to apply to situations in which a defendant is temporarily outside a penal institution, but is expected to return to the place of confinement."). Our criminal statutes instruct that an inmate in constructive custody remains in lawful custody or confinement. *See* NMSA 1978, § 30-1-12(H) (1963) ("'[L]awful custody or confinement' means the holding of any person pursuant to lawful authority, including, without limitation, actual or conseructive [constructive] custody of prisoners temporarily outside a penal institution, reformatory, jail, prison farm or ranch[.]" (alterations in original)). In *State v. Hill*, 117 N.M. 807, 808, 877 P.2d 1110, 1111 (Ct. App. 1994), we defined the concept of furlough as the temporary release of an inmate from the physical confines of a jail upon the condition that the inmate is legally required to return to the jail at a specified time. In effect, we determined in *Hill* that an inmate remains in the constructive custody of the state during a furlough.

**{15}**    In this case, Defendant was lawfully committed to the detention center following

4

sentencing. It was only after sentencing and commitment that Defendant was released on furlough. The furlough orders were not ambiguous. They imposed limitations on Defendant's movement, required Defendant to return to custody at the end of the furlough period, and also informed Defendant that "[f]ailure to return will result in a charge of escape."

**{16}** The State recognizes that Defendant could have been charged with escape for not returning to jail after the furlough, but it focuses on the time during furlough and argues that Defendant was not in constructive custody because there was nothing to keep Defendant from walking away from Hoy Recovery, Inc. or from his classes. This argument is based on *Fellhauer*, which does speak to constructive custody. *See Fellhauer*, 1997-NMCA-064, ¶¶ 16-17. But as we have explained, constructive custody in this context is for purposes of determining when an individual is in official confinement such that he would be entitled to presentence confinement credit under NMSA 1978, Section 31-20-12 (1977). *See Fellhauer*, 1997-NMCA-064, ¶¶ 16-17. Under *Fellhauer*, "the constructive custody must be sufficiently restrictive or onerous to be considered as confinement, and home confinement, by itself, is neither sufficiently restrictive nor onerous." *Id.* ¶¶ 10-13.

**{17}** In the case before us, we are dealing with post-sentence confinement. Defendant had already been sentenced, and the metro court had authorized the furloughs. Although Defendant was not inside a penal institution, he was in lawful custody or confinement pursuant to the sentencing and furlough orders, and thus he was in constructive custody while on furlough. *See Guillen*, 2001-NMCA-079, ¶ 8 (observing that an inmate remains in constructive custody during a furlough and may be charged with the crime of escape for failing to return from a furlough). Accordingly, we hold that for purposes of calculating time served, the time Defendant served on furlough is to be treated in the same manner as any of the time he served in the detention center.

## B. Calculation of Good Time and Completion of Sentence

**{18}** The parties agree that the district court erred in concluding that the metro court was responsible for deciding both whether Defendant was eligible for good time and the amount of good time to which Defendant was entitled. While Defendant's eligibility for good time is determined by the metro court, the specific amount of good time Defendant may receive is determined by the administration of the detention center. *State v. Wyman*, 2008-NMCA-113, ¶ 7, 144 N.M. 701, 191 P.3d 559, *cert. quashed*, 2009-NMCERT-012, 147 N.M. 601, 227 P.3d 91. The State makes no claim that Defendant is ineligible for good time and raises no objection to the amount of good time awarded to him by the detention center. We thus conclude that Defendant was eligible for good time and entitled to the amount of good time awarded.

**{19}** The detention center calculated that Defendant completed his sentence on November 28, 2006, during the furlough. There is no objection by the State to this calculation. Accordingly, we adopt this conclusion and hold that the metro court did not have authority

to sentence Defendant to 271 days of incarceration as per the 2007 judgment and sentence because Defendant had already completed his sentence by the date of the judgment. *See State v. Baros*, 78 N.M. 623, 626, 435 P.2d 1005, 1008 (1968) (observing that after a defendant has fully served his or her sentence, even if that sentence is an irregular sentence and subject to being set aside for that reason, the court's jurisdiction over him is at an end as it is impermissible, under Article II, Sections 15 and 18 of the New Mexico Constitution, to punish an offender twice for the same offense).

## C.      Community Service and Monetary Fines

**{20}**      Section 66-8-102(F)(1) requires an individual who has committed a DUI, second offense, to serve forty-eight hours of community service and pay a five hundred dollar fine, and further instructs that these penalties "shall not be suspended or deferred or taken under advisement[.]"  The district court correctly observed that the metro court failed to impose these mandatory provisions.  However, the district court did not have authority to order the metro court to impose these provisions on remand because Defendant had completed his sentence prior to the on-record appeal to district court. *See Baros*, 78 N.M. at 626, 435 P.2d at 1008; *see also State v. Diaz*, 2007-NMCA-026, ¶ 19, 141 N.M. 223, 153 P.3d 57 (observing that "the power to correct a sentence, even one that is statutorily invalid, is subject to some temporal limit under principles of fundamental fairness" and that "due process may be denied when a defendant has already served so much of the original sentence imposed that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them" (internal quotation marks and citation omitted)).

## III.    CONCLUSION

**{21}**      While the metro court was responsible for determining Defendant's eligibility for good time, the specific amount of good time Defendant would receive was to be determined by the detention center.  Defendant continued to serve his sentence while on furlough and completed his sentence on November 28, 2006.  Thereafter, neither the district court nor the metro court had authority to impose an additional period of incarceration or to impose new penalties on remand.  This matter is remanded to the metro court where the 2007 judgment and sentence shall be vacated, and Defendant shall be discharged as having completed his sentence.

**{22}     IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

6

**RODERICK T. KENNEDY, Judge**


_____

**TIMOTHY L. GARCIA, Judge**

**Topic Index for _State v. Padilla_, Docket No. 29,014**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-RM | Remand |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-CM | Credit for Time Served |
| CA-GT | Good Time |
| CA-FL | Furlough |
| | |
| **JD** | **JURISDICTION** |
| JD-DC | District Court |
| JD-ME | Metropolitan Court |