# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: August 20, 2015

**NO.  32,340**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**SEAN GODKIN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge Pro Tempore**

Hector H. Balderas, Attorney General
James W. Grayson, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**KENNEDY, Judge.**

**{1}** Revocation proceedings, even if they include necessary competency determinations, must be completed prior to the expiration of the defendant's probation, else the district court's jurisdiction expires and the defendant must be discharged. Under NMSA1978, Section 31-20-8 (1977), a criminal defendant is fully discharged from further obligation to the court, and the district court loses jurisdiction over the case, whenever the period for which the sentence was suspended expires without being revoked. This loss of jurisdiction is unaffected by a defendant's waiver of the time limits within which a revocation hearing must be held under Rule 5-805 NMRA after a violation of probation is alleged. Staying revocation proceedings to determine the defendant's competency likewise does not toll the district court's loss of jurisdiction under Section 31-20-8.

**{2}** In resolving this interlocutory appeal of the denial of Defendant's motion to dismiss for lack of jurisdiction following our remand, we also correct any misconceptions generated by our memorandum opinion in *State v. Godkin*, No. 31,638, mem. op. (N.M. Ct. App. May 23, 2012) (non-precedential). In that opinion, we reversed the district court's denial of Defendant's requested continuance to finish evaluating Defendant's competency prior to revoking his probation. Since the district court could not revoke Defendant's probation absent first resolving the question of

Defendant's competency, we also reversed the revocation, as well as the habitual offender enhancement imposed as a result of the revocation. We intended our remand to allow the court to accomplish such proceedings as might be appropriate to resolve the competency issue and the probation revocation. However, Defendant's probation expired without a valid revocation, leaving the district court without jurisdiction to proceed any further. On remand, Defendant's motion to dismiss should have been granted; we therefore remand the case to the district court for the discharge of the Defendant and closing of his case.

## I.    BACKGROUND

{3}    Defendant's probation was scheduled to conclude on August 13, 2011. The State filed a second motion to revoke probation toward the end of Defendant's period of probation in April 2011. A revocation hearing in June 2011 was continued twice by Defendant, who waived the time limits in which to commence the hearing under Rule 5-805(H) and (J). In the meantime, the case was assigned to a judge pro tempore, who ordered a competency evaluation based on Defendant's motion of July 8, 2011.

{4}    The results of the evaluation were to be presented to the district court during a revocation hearing set for July 21, 2011. Yet, Defendant was not transported to his July 18 evaluation appointment. Defendant's attorney who had raised competency

resigned from the Public Defender's Office and new counsel entered her appearance on July 12. On July 21, prior to the hearing commencing, new counsel requested a continuance, asserting that her lack of preparation and the incomplete evaluation would render her representation ineffective were she to proceed that day as Defendant's attorney. The district court denied the motion to continue, saying Defendant's previous attorney had "promise[d]" the court that evidence on competency would be available at that hearing. The probation revocation hearing commenced with the State's first witness.

{5}      Prior to Defendant's cross-examination of this witness, the district court expressed a changed desire to grant the continuance. The State informed the court that its jurisdiction would lapse on August 12, 2011[1] and absent revoking Defendant's probation, he would be "scot-free." Defense counsel agreed, stating that, "Once the jurisdiction runs on this case, it's done, whether it's stayed for competency or not." After defense counsel stated that it was not certain whether the competency evaluation could be performed before the deadline, the district court again denied the motion to continue and proceeded with the hearing, explicitly stating that it was the

---

[1]The record and briefs lack a clear statement as to the date that the district court lost jurisdiction over Defendant. Our previous opinion uses August 13, 2011, and since the variations are of no consequence to our ruling, we adopt August 13, 2011 as the final date of Defendant's probation, on which the district court's jurisdiction lapsed.

continuance, not the motion regarding competency, that was denied. After closing arguments, the district court found Defendant competent:

> I find that in a previous proceeding[,] competency was raised, and the [c]ourt was given assurances that evidence would be presented on the issue of competence. There has been no evidence, other than raising the issue provided. There [have] been past determinations that . . . Defendant was competent[] and, therefore, for purposes of today's hearing, I find [Defendant] is competent and has violated probation.

An arraignment and habitual offender proceeding immediately followed this determination. The district court entered its order on August 11, 2011, revoking Defendant's probation and sentencing him to an additional eleven years as an habitual offender.

{6} Defendant appealed the district court's denial of his motion to continue, as well as the sentence enhancement. We issued the memorandum opinion referenced above. In that opinion, we acknowledged the "lapse in jurisdiction on August 13, 2011," *Godkin*, 31,368, mem. op. at 4, and held that the district court abused its discretion in refusing to grant a continuance for the competency evaluation. We reversed the orders of the district court and remanded for a new hearing. Our remand was intended to permit three things: "for Defendant to expressly waive the adjudicatory deadline, for the competency evaluation to take place, and for a new revocation hearing, if applicable." *Id*. at 5. Our mandate issued on July 18, 2012.

4

{7} On the July 19, 2012 hearing on remand, the district court repeated our instructions and called on Defendant to waive adjudicatory time limits, but defense counsel stated that there no longer remained anything waivable, because jurisdiction ran the previous August, and the commencement of a revocation hearing under Rule 5-805 was no longer the legal question. The State responded that it had previously argued, as noted in our memorandum opinion (*Id*. at 4), that Rule 5-805 would no longer be applicable were jurisdiction to lapse on August 13. It maintained that we knew of the jurisdictional problem, and "just kind of disregarded it." The State maintained that even if the Defendant did not waive the deadline, we had remanded for at least a new sixty-day period under Rule 5-805 within which to have an adjudicatory probation revocation hearing. At the State's request, and in light of our second directive to have an evaluation performed, the district court stayed proceedings pending a new evaluation of Defendant's competency. The district court scheduled another hearing more than a month later, to allow for the evaluation to be completed.

{8} Defendant filed a motion to dismiss for lack of jurisdiction, arguing that the August 13, 2011, time limit was jurisdictional and could not be waived, and the absence of a valid probation revocation hearing prior to the probationary period expiring had divested the district court of jurisdiction. The State conversely argued

that by remanding for a hearing "if applicable," we had recognized that the competency evaluation might postpone further hearings, and had tacitly acknowledged that jurisdiction could be extended following defendant's waiver of time limits under Rule 5-805. The district court denied Defendant's motion, but certified the matter for an interlocutory appeal, which we granted.

**II.    DISCUSSION**

{9}    A district court's authority to sentence an offender is conferred by statute, is an issue of subject matter jurisdiction, and cannot be waived. *State v. Frost*, 2003-NMCA-002, ¶ 8, 133 N.M. 45, 60 P.3d 492. Section 31-20-8 states: "Whenever the period of suspension [of sentence] expires without revocation of the order, the defendant is relieved of any obligations imposed on him by the order of the court and has satisfied his criminal liability for the crime." This section was intended by the Legislature to limit the district court's jurisdiction over a defendant and terminate his criminal liability when his probation term expires. *State v. Travarez*, 1983-NMCA-003, ¶ 4, 99 N.M. 309, 657 P.2d 636. Because a defendant has a reasonable expectation of finality in his case, once the sentence is completely served, the trial court loses jurisdiction over it, including any ability to enhance the sentence. *See State v. Roybal*, 1995-NMCA-097, ¶ 8, 120 N.M. 507, 903 P.2d 249. Here, we

must determine whether the probationary period can be tolled, or whether Defendant's motion to dismiss for lack of jurisdiction was erroneously denied.

**A. Standard of Review**

{10} We review the district court's application of Section 31-20-8 de novo. *See State v. Lara*, 2000-NMCA-073, ¶ 4, 129 N.M. 391, 9 P.3d 74 (stating that the interpretation of a statute is an issue of law to be reviewed de novo). Similarly, to the extent it may apply, we also review the application of Rule 5-805(J) de novo. *See State v. Maestas*, 2007-NMCA-155, ¶ 28, 143 N.M. 104, 173 P.3d 26.

**B. We Have Not Previously Decided the District Court's Jurisdiction**

{11} The State urges us to continue with what it characterizes as an "issue of jurisdiction already implicitly resolved in the first appeal" based on the law of the case doctrine. *See State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶¶ 20-27, 145 N.M. 769, 205 P.3d 816 (outlining law of the case doctrine). If applicable, this doctrine is one that is applied with flexibility. *See also Reese v. State*, 1987-NMSC-110, ¶ 5, 106 N.M. 505, 745 P.2d 1153 ("[T]he law of the case is merely one of practice or court policy, and not of inflexible law, so that appellate courts are not absolutely bound thereby, but may exercise a certain degree of discretion in applying it[.]"(internal quotation marks and citation omitted)).

{12}    The State characterizes the decision reached in our memorandum opinion as an implicit determination that jurisdiction did not lapse on August 13, 2011. This assertion is grounded in the opinion's pointing to defense counsel's willingness at that point to waive the sixty-day limit within which adjudicatory hearings on revocation must be commenced under Rule 5-805(J) and reversing so Defendant could again "expressly waive the adjudicatory deadline" for the probation revocation and proceed with the competency determination. Unfortunately, our focus on the probation adjudication deadline and competency process obscured the issue of jurisdiction itself. Although we said that Defendant's evaluation scheduled for August 3 was ten days prior to the "lapse in jurisdiction on August 13, 2011[,]" in the next paragraph we called it the "adjudicatory deadline" and later the "[NMRA] Rule 5-805(H) deadline on August 13." *Godkin*, No. 31,368, mem. op. at 4-5.

{13}    Also, the attention given in our memorandum opinion to the mandatory stay of proceedings required when a competency evaluation is ordered, missed "the lapse in *jurisdiction* on August 13" that we had noted earlier (emphasis added). The State now uses this discrepancy between adjudicatory and jurisdictional time limits in our opinion to conclude that we implicitly or explicitly determined jurisdiction could be waived, or that because of Defendant's waiver there would not be a bar to the district court's continued jurisdiction on remand.

8

{14} Because jurisdiction cannot be waived, *Frost*, 2003-NMCA-002, ¶ 8, there is no "law of the case" here. *Farmers' State Bank of Texhoma, Okla. v. Clayton Nat'l Bank*, 1925-NMSC-026, ¶ 24, 31 N.M. 344, 245 P. 543 (stating that, "when we conclude that a former decision is erroneous, and we still have the opportunity to correct it as affecting those parties whose interests are concerned in the original ruling, we should apply the law of the land rather than the law of the case"). Our mandate requiring Defendant "to expressly waive the adjudicatory deadline" is ineffectual if the district court's continued jurisdiction to hear the case has ended.

**C.     The Plain Language of Section 31-20-8 Divests the District Court of Jurisdiction When A Probationary Term Expires**

{15} When a defendant's probation term ends without being revoked, the defendant is relieved of any obligations imposed by the court and has completely satisfied all criminal liability for the crime. *See* § 31-20-8; *State v. Apache*, 1986-NMCA-051, ¶ 9, 104 N.M. 290, 720 P.2d 709. The jurisdictional nature of the statute is clear in our holding in *Lara*, where owing to Section 31-20-8, we held that a "court lacks further jurisdiction over the defendant, even though the motion to revoke the sentence has . . . been filed[]" before the end of the probation term. *Lara*, 2000-NMCA-073, ¶ 11. Our Supreme Court, agreeing with this proposition, has similarly held a district court has no jurisdiction to hear a pending motion to revoke "once the probationary period has expired[.]" *State v. Ordunez*, 2012-NMSC-024, ¶ 9, 283 P.3d 282.

9

{16} Defendant cannot waive the expiration of the district court's jurisdiction. *See Frost*, 2003-NMCA-002, ¶ 8. Our Supreme Court observed that this has been the case "[f]or decades[.]" *Ordunez*, 2012-NMSC-024, ¶ 9. Although revoking probation after the maximum term of suspension had expired was once permitted, the enactment of Sections 31-20-8 and -9 eliminated the district courts' power to do so. *See Travarez*, 1983-NMCA-003, ¶ 4 (recognizing that statutes and previous case law permitting the practice had been abrogated by the Legislature). A bright-line rule promotes the strong policy interest that "defendants who have completed their sentences have a reasonable expectation in the finality of their sentences[.]" *State v. Davis*, 2007-NMCA-022, ¶ 10, 141 N.M. 205, 152 P.3d 848. The State cautions us that interpreting Section 31-20-8 to divest the district court of jurisdiction when the probationary period expires leaves the court without "the power to monitor the probationer for 'all' of the term of probation[.]" The State is incorrect; no provision exists to toll a probation term absent wrongful actions by the defendant because after it expires, there is no more "term of probation" and the district court has no jurisdiction to revoke a term of probation that no longer exists.

{17} This jurisdictional provision also stands apart from flexible time limits to commence trial, or waivable periods within which to commence a probation revocation hearing. *See, e.g.,* Rule 5-805(H), (J). The State argues based on *Trujillo*

*v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d 369, that the jurisdictional line drawn by Section 31-20-8 is "a 'more equivocal' type of jurisdiction[.]" The implied "discretion to overlook technical violations" conferred by *Trujillo*, 1994-NMSC-024, ¶ 13, does not extend to loosening the grip of a statute that explicitly ends a district court's jurisdiction to revoke probation or enhance a sentence.

{18}    Next, contending that the district court's jurisdiction to revoke Defendant's probation, is "not a true jurisdictional limit" and should be subject to waiver, the State points to our opinion in *State v. Baca*, 2005-NMCA-001, 136 N.M. 667, 104 P.3d 533. In *Baca*, the defendant challenged the district court's probation revocations and imposition of new probation periods based on NMSA 1978, Sections 31-21-15(B) (1989) and 31-20-5(A) (2004), *Baca*, 2005-NMCA-001, ¶ 8. *Baca* involved re-imposing new terms of probation within the time allowed by Section 31-20-8. *Baca*, 2005-NMCA-001, ¶ 12, and does not apply here. Against this legal background, we now consider propriety of the district court's denial of Defendant's motion to dismiss.

**D.    The Stay of Proceedings Required to Determine Competency Does Not Toll Probation**

{19}    The State argues that Section 31-9-1, by staying pending proceedings in the court, also operates to toll defendant's proration.  Section 31-9-1, though staying proceedings for competency determinations, is silent as to tolling jurisdiction. The

11

state's argument is otherwise unsupported by any authority or circumstance apart from a frail analogy to being a fugitive. In the absence of any other authority that might support tolling, we assume no such authority exists. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200. The sole basis in law for tolling a probation term is predicated on a wrongful act of absconding committed by the defendant. *See* § 31-21-15(C) (establishing fugitive status and allowing time spent as a fugitive to be deducted from time spent on probation); *State v. Sosa*, 2014-NMCA-091, ¶ 11, 335 P.3d 764 (noting that Section 31-21-15(C) is based on the maxim that "one should not benefit from one's own wrongdoing"). A defendant about whom competency has been raised, in a manner that has resulted in a court issuing an order for such an evaluation, has engaged in no wrongdoing, nor has absconded, but has unequivocally remained under the power of the court. Such a person cannot be adjudicated while his competency is in doubt and he is under the court's protection. A defendant in this position has not done anything to justify tolling his probation as a penalty for any delay. We conclude that the Legislature's directive to stay proceedings while competency is determined does not affect the running of time spent on probation or, as a result, the jurisdictional time limit in Section 31-20-8, and decline to adopt a position permitting its tolling.

**E. Absent A Valid Revocation of Probation, The District Court Was Without Jurisdiction To Impose An Habitual Offender Enhancement**

{20} A person may be charged as an habitual offender "so long as the [district] court retains jurisdiction over the defendant." *March v. State*, 1989-NMSC-065, ¶ 5, 109 N.M. 110, 782 P.2d 82 (stating that the actual time during which the state may enforce a habitual offender enhancement is limited to the time before an offender has an objectively reasonable expectation of finality in the sentence). We held that where a defendant "[C]ompletely serves the valid underlying sentence before the state proves he is a habitual offender, he has extinguished his criminal liability and there is no sentence left to enhance." *State v. Gaddy*, 1990-NMCA-055, ¶ 8, 110 N.M. 120, 792 P.2d 1163. "Once a defendant has completely served his or her underlying sentence, the [district] court loses jurisdiction to enhance that sentence, even if the [s]tate filed the supplemental information before the defendant finished serving the underlying sentence." *Roybal*, 1995-NMCA-097, ¶ 4. As discussed above, the hearing during which the district court found Defendant to be an habitual offender occurred when all proceedings should have been stayed. Because the enhancement hearing should never have commenced, and the jurisdictional time has now expired, we also reverse the habitual enhancement of Defendant's sentence.

13

## III.   CONCLUSION

{21}   Since the district court lost jurisdiction over Defendant as of August 13, 2011, pursuant to Section 31-20-8, it was without jurisdiction to proceed further in this case after that date. Accordingly, we reverse the district court's denial of Defendant's motion to dismiss and remand for final discharge of Defendant.

{22}   **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**J. MILES HANISEE, Judge**