This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 34,902

**JAMEY RONALD HEAD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Sergio Viscoli, Director
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant appeals from the district court's ruling that his magistrate court suspended sentence with probation was tolled during the time that Defendant was a fugitive, such that his probation term did not expire for purposes of giving the magistrate court the authority to revoke his probation. [RP 96] Our notice proposed to reverse, and the State filed a memorandum in opposition. Unpersuaded by the State's arguments, we reverse.

{2}     As discussed in our notice, the outcome of this case is controlled by *State v. Begay,* ___-NMCA-___, ¶¶ 1, 6, ___ P.3d ___ (No. 33,588, Jan. 13, 2016), *cert. granted* Mar. 25, 2016, which holds that the tolling provision of NMSA 1978, Section 31-21-15(C) (2013), applies only to cases in which a defendant's underlying conviction occurred in district court, as opposed to persons convicted by magistrates. Here, Defendant was convicted in magistrate court and his probation term had expired when he was finally located to answer for his probation violation. [DS 2] Given this, we rely on *Begay* and hold that Defendant had satisfied his criminal liability and that the magistrate court thus lacked authority to impose any further sentence. *See, e.g.*, *State v. Godkin*, 2015-NMCA-114, ¶¶ 1, 15-16, 362 P.3d 161 (recognizing that a defendant cannot waive the expiration of the district court's jurisdiction, and that the court loses jurisdiction over the case whenever the period for which the sentence was suspended expires without being revoked). We accordingly reverse.

**{3}** Lastly, we acknowledge the State's arguments that *Begay* was wrongly decided [MIO 4-11], as well as its request that we hold this case in abeyance pending the outcome of the certiorari proceedings in *Begay*. [MIO 1] We decline to revisit *Begay*, however, and further deny the State's request to hold this case in abeyance. *See generally State v. Jones*, 2010-NMSC-012, ¶ 59, 148 N.M. 1, 229 P.3d 474 (noting that, in the absence of law to the contrary, a decision from the Court of Appeals is "controlling" even when certiorari has been granted by the Supreme Court).

**{4}** For the reasons discussed above and in our notice, we reverse.

**{5}** **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**LINDA M. VANZI, Judge**


_____

**J. MILES HANISEE, Judge**