This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39089**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MARY FRANCIS ESPINO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals a judgment and sentence entered pursuant to a guilty plea, challenging the district court's calculation of presentence confinement credit. The arrest and conviction in this case were for the crime of escape, resulting from Defendant's failure to return from a medical furlough she was granted while awaiting a probation revocation hearing. This Court has issued two notices of proposed disposition in this appeal, the most recent of which proposed to affirm the district court's calculation because Defendant's confinement was not triggered by her most recent arrest; instead, she was already confined when arrested because she was still on furlough. *See State v. Padilla*, 2011-NMCA-029, ¶ 14, 150 N.M. 344, 258 P.3d 1136 (holding that "an inmate

remains in the constructive custody of the state during a furlough"); *State v. Facteau*, 1990-NMSC-040, ¶ 7, 109 N.M. 748, 790 P.2d 1029 (requiring that confinement be triggered by new charges in order to result in presentence confinement credit). Defendant has filed a second memorandum in opposition to summary affirmance in which she reasserts the arguments made in her prior memorandum in opposition. [2 MIO 2] Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** Defendant's second memorandum in opposition does not address our proposal that she was "originally confined" as that phrase is used in *Facteau*, meaning that her arrest for escape did not trigger the confinement at issue in this appeal. [2 CN 3] We conclude that Defendant has not met her burden on appeal to clearly point out errors in fact or law in our proposed disposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (concluding that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a memorandum opposing summary disposition).

**{3}** Accordingly, for the reasons stated in our second notice of proposed summary disposition, we affirm the judgment and sentence entered by the district court.

**{4}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**